# UNITED STATES DISTRICT COURT

## DISTRICT OF COLUMBIA

| | |
|---|---|
| **LAWRENCE R. HUDSON, JR.**<br>14028 Vista Drive #77-B<br>Laurel, Maryland  20707<br><br>Plaintiff<br>v.<br><br>CHILDREN'S  NATIONAL  MEDICAL<br>CENTER<br>111 Michigan Avenue, N.W.<br>Washington, D.C.  20010<br><br>Defendant | CASE NO:<br><br><br><br><br>**COMPLAINT**<br><br>(Jury demand endorsed hereon) |

For his cause of action against this Defendant, Plaintiff Larry Hudson states:

### I. INTRODUCTION

1. Plaintiff alleges below, and will prove at trial, that Defendant employed the Plaintiff, an African-American male, and that Plaintiff was an excellent employee. When Plaintiff suffered an employment related injury on April 6, 2006, and required additional medically authorized recovery time, the Defendant employer terminated Plaintiff's employment. The Defendant discriminated against Plaintiff in this employment decision based upon Plaintiff's race.

### II. THE PARTIES

2. Plaintiff Larry R. Hudson, Jr., is at all times material hereto a 48 year old male citizen of the State of Maryland, and a resident of Prince George's County and the City of Laurel.

-1-

Plaintiff had been employed by from 2004, through his resignation on August 14, 2006, in the position of Senior Human Resources Consultant.  Plaintiff is a retired, decorated Air Force Veteran of the Gulf War, Desert Shield/Desert Storm operations.

3. Children's National Medical Center is the only exclusive provider of pediatric care in the metropolitan Washington area and is the only freestanding children's hospital between Philadelphia, Pittsburgh, Norfolk, and Atlanta. Children's National Medical Center has served the nation's children for more than 130 years.  Children's is the largest non-governmental provider of pediatric care in the District of Columbia, providing more than $50 million in uncompensated care. .

### III. JURISDICTION and VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 42 U.S.C. § 2000e-5(f)(3), 28 USC § 1331.  Venue is proper in this Court pursuant to the provisions of 28 U.S.C. § 1391(a)(2) because Defendant maintains its headquarters in this District.

### IV. CAUSE OF ACTION

5. This action is brought by Plaintiff to enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.; VII sec. 703(a)

6. Defendant Children's National Medical Center is a person within the meaning of 42 U.S.C. § 2000e(a) and an employer within the meaning of 42 U.S.C. § 2000e(b).

7. Defendant has discriminated against Plaintiff Larry R. Hudson, Jr. on the basis of his race.

8. In January, 2006, Defendant began to search for a person to fill the position of Director of Training and Organizational Development at Defendant's hospital.  Plaintiff was

interested in obtaining that position and applied for the position in February, 2006. Plaintiff had assumed the responsibilities of that position since January 20, 2006, when Deirdre Robinson, the Director, had resigned.

9. Plaintiff's training, background, education, and experience qualified him for that position. Plaintiff had discussed this position with Christine Porto, Vice President of Human Resources, who was the person responsible for selecting the candidate to fill this position. Ms. Porto advised Plaintiff that Plaintiff should schedule a formal interview with Ms. Porto. Before actually conducting an interview with Plaintiff, Ms. Porto hired Marc Goldman, a white male.

10. On August 14, 2006, Defendant terminated Plaintiff's employment by making the conditions of his employment intolerable and unbearable to a reasonable person, causing Plaintiff to resign. This resignation was based upon Plaintiff's constructive discharge, as Defendant made Plaintiff's working conditions to be intolerable. These intolerable conditions were directly attributable Defendant's racially motivated treatment of Plaintiff. Defendant either created the intolerable conditions intentionally or allowed them to exist. Defendant's conduct effectively forced Plaintiff to resign. A continuous pattern of Defendant's misconduct existed. Conditions were so egregious and intolerable that any reasonable person in Plaintiff's situation and like circumstances would have resigned. .

11. As a direct and proximate result of Plaintiff's race, as a black man, Plaintiff was treated differently from his white co-workers. This termination of Plaintiff on June 15, 2006, was in violation of § 703(a) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a)(1).

12. Plaintiff Larry R. Hudson, Jr. was the victim of racially disparate treatment during

his employment at the Defendant's hospital, which adversely affected the terms, conditions and privileges of his employment; and which failed or refused to take appropriate action to remedy the effects of the discriminatory treatment of Plaintiff during his employment. When Plaintiff could no longer bear the indignation of the racially discriminatory treatment of Ms. Porto, Plaintiff involuntarily left his position at the Defendant's hospital.

13. Ms. Porto, acting on behalf of the Defendant, subjected several people to her pattern and practice of racial discrimination. As a result, Eddie Davis, Director of Labor/Employee Relations and Compliance at Children's National Medical Center, ended his employment. On Friday, July 13, 2007, Ms. Porto's employment with the Defendant was terminated.

14. After approximately 18 months in that position, on or about October 23, 2007, Marc Goldman resigned. This conduct was the product of intentional discrimination by Defendant. Defendant selected Marc Goldman to fill the position of Director of Training and Organizational Development, based upon his race as a white male and not upon his qualifications. After Goldman served a period of time in that position, Defendant recognized that Marc Goldman was not qualified to carry out the responsibilities of that position, and Goldman was forced to resign. This was the result of Defendant's selection of a person to fill the position sought by Defendant, based upon race, and not upon qualifications. Defendant made the decisions which adversely affected the Plaintiff's employment as the result of malice or reckless indifference to the federally protected rights of Plaintiff.

15. Conditions precedent to the filing of this suit have been performed or have occurred. Based upon these violations of statute, Plaintiff Larry R. Hudson timely filed a charge of discrimination with the District of Columbia's Office of Human Rights; and, EEOC charge no.

-4-

10C-2006-02942, in which Plaintiff alleged that he had been subjected to racial discrimination during his employment with the Defendant. A copy of that right to sue letter issued pursuant to that Charge is attached.

**WHEREFORE**, Plaintiff demands judgment against the Defendant and prays that the Court grant the following relief:

(a) Enjoin the Defendant from failing or refusing to:

(i) provide sufficient remedial relief to make whole Plaintiff for the loss he has suffered as a result of the discrimination against him as alleged in this complaint; and

(ii) take other appropriate nondiscriminatory measures to overcome the effects of the discrimination.

(b) Award compensatory and punitive damages in excess of one million dollars to Plaintiff as would fully compensate Plaintiff for injuries caused by the Defendant's discriminatory conduct;

(c) Award such additional relief as justice may require, together with Plaintiff's costs and Attorney fees, and other such relief which this Court deems just and proper.

Respectfully submitted,

_____
James Q. Butler
Attorney for Plaintiff
818 18th Street - 6th Floor
Washington, D.C. 20006
Ph: 202-223-6767/fax: 202-223-3039

**JURY DEMAND**
Plaintiff hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

_____
James Q. Butler

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
Lawrence R. Hudson, Jr

## DEFENDANTS
Children's National Medical Center

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **Laurel** 88887
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT **Washington**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
James Q. Butler, Esq. 818 18th Street, NW Suite 630, Washington, D.C. 20006, 202-223-6767

Case: 1:08-cv-00876
Assigned To: Urbina, Ricardo M.
Assign. Date: 5/23/2008
Description: Employ. Discrim.

**JURY ACTION** (stamp)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☑ Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

| Real Property | Bankruptcy | Forfeiture/Penalty | |
|---|---|---|---|
| ☐ 210 Land Condemnation | ☐ 422 Appeal 28 USC 158 | ☐ 610 Agriculture | ☐ 470 Racketeer Influenced & Corrupt Organizations |
| ☐ 220 Foreclosure | ☐ 423 Withdrawal 28 USC 157 | ☐ 620 Other Food &Drug | ☐ 480 Consumer Credit |
| ☐ 230 Rent, Lease & Ejectment | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 490 Cable/Satellite TV |
| ☐ 240 Torts to Land | Prisoner Petitions | ☐ 630 Liquor Laws | ☐ 810 Selective Service |
| ☐ 245 Tort Product Liability | ☐ 535 Death Penalty | ☐ 640 RR & Truck | ☐ 850 Securities/Commodities/Exchange |
| ☐ 290 All Other Real Property | ☐ 540 Mandamus & Other | ☐ 650 Airline Regs | ☐ 875 Customer Challenge 12 USC 3410 |
| | ☐ 550 Civil Rights | ☐ 660 Occupational Safety/Health | |
| Personal Property | ☐ 555 Prison Condition | ☐ 690 Other | ☐ 900 Appeal of fee determination under equal access to Justice |
| ☐ 370 Other Fraud | | | |
| ☐ 371 Truth in Lending | Property Rights | | ☐ 950 Constitutionality of State Statutes |
| ☐ 380 Other Personal Property Damage | ☐ 820 Copyrights | Other Statutes | |
| ☐ 385 Property Damage Product Liability | ☐ 830 Patent | ☐ 400 State Reapportionment | ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |
| | ☐ 840 Trademark | ☐ 430 Banks & Banking | |
| | | ☐ 450 Commerce/ICC Rates/etc. | |
| | Federal Tax Suits | ☐ 460 Deportation | |
| | ☐ 870 Taxes (US plaintiff or defendant | | |
| | ☐ 871 IRS-Third Party 26 USC 7609 | | |

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ H. *Employment Discrimination*<br>☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ Multi district Litigation ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Plaintiff to enforce the provisions of Title VII of the Civil Right Act of 1964 42USC2000e

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ _____   Check YES only if demanded in complaint   JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES ☒ NO   If yes, please complete related case form.

DATE 5/22/08   SIGNATURE OF ATTORNEY OF RECORD  James Q. Butler

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.