# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LAWRENCE R. HUDSON, JR.**<br><br>          Plaintiff<br>v.<br><br>**CHILDREN'S NAT'L  MED. CENTER**<br><br>          Defendant | CASE NO: 1:08 CV 00876 (RMU)<br><br><br><br>**PLAINTIFF'S  MOTION<br>TO   AMEND   COMPLAINT** |

   Plaintiff hereby moves this Honorable Court, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, for an order granting leave to Plaintiff to Amend the Complaint, to provide specific information that the Defendant claims is lacking.  A memorandum in support is attached.

                                                                        Respectfully submitted,

                                                                        /s/ James Q. Butler            
                                                                        James Q. Butler (Bar no. 490014)
                                                                        Attorney for Plaintiff
                                                                        818 18th Street, N.W. - 10th Floor
                                                                        Washington, D.C.  20006
                                                                        Ph. 202-223-6767

                         **CERTIFICATE OF SERVICE**
Plaintiff hereby certifies that the Defendant is hereby served with the foregoing Motion To Amend through this Court's electronic service.

                                                                        /s/ James Q. Butler       
                                                                        James Q. Butler

-1-

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LAWRENCE R. HUDSON, JR.**<br><br>　　　　Plaintiff<br>v.<br><br>**CHILDREN'S NAT'L MED. CENTER**<br><br>　　　　Defendant | CASE NO: 1:08 CV 00876 (RMU)<br><br><br><br>PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO AMEND COMPLAINT |

## MEMORANDUM
### I. INTRODUCTION

　　The Complaint in this case was filed on May 23, 2008. The Defendant has filed its Motion To Dismiss, based upon Federal Rule of Civil Procedure 12(b)(6) for a failure to state a claim upon which relief may be granted, on May 3, 2008. Contrary to the positions of the moving Defendants, the claims alleged in the complaint may be the subject of relief on Plaintiff's federal claim. The allegations that Plaintiffs raise meet the standards required to state a claim under the several causes of action which have been alleged. Plaintiff seeks to amend his complaint at this time.

　　Plaintiffs brought this action against the named Defendant in this Court for the redress of the deprivation of his civil rights pursuant to Title VII of the Civil Rights Act of 1964.

　　Amending the complaint at this stage would not be prejudicial to the Defendant. Plaintiff seeks to amend the complaint at this time is to remove any alleged prejudice claimed by

the Defendant as the result of an alleged lack of notice of right to sue and a prayer for more compensation than is permitted by law for this causes of action.   There is no bad faith on the part of the Plaintiffs in amending at this time. The amended complaint would not be futile.

Defendant District of Columbia has moved to dismiss the complaint.  For the reasons that follow, this Honorable Court must overrule this motion to dismiss and permit Plaintiffs to amend their complaint to correct the deficiencies alleged in the motions and to allow discovery to proceed as  this case is  prepared for trial.

## II.  LAW AND ARGUMENT

In the case of **Hurson v. Glickman**, 229 F.3d 277 (D.C. Circuit, 2000), the defendants/ appellee did not submit an answer, and simply moved to dismiss. With the consent of both parties, the district court regarded Hurson's motion for injunctive relief and the defendants' motion to dismiss as motions for summary judgment. After the parties had fully briefed the issue, but before the court had ruled on their cross-motions for summary judgment, Hurson submitted an amended complaint (or, in the alternative, a motion seeking leave to amend its complaint). Hurson proposed to add new allegations.

Hurson attempted to amend its complaint to supplement its alleged claims with additional allegations that the defendants' arbitrary and capricious conduct violated the Constitution's Commerce Clause. The District Court disallowed the amendment, citing the fact that Hurson had not filed its motion until after the parties had fully briefed their cross-motions for summary judgment. The defendants proposed that the district court's refusal was within its discretion, and cites the appellate court's  pronouncement that, when a plaintiff seeks to amend "more than a year after the filing of [its] initial complaint and after dispositive motions had been filed and

opposed," denying its motion "does not appear to be an abuse of discretion." ***Wilderness Soc'y v. Griles***, 824 F.2d 4, 19 (D.C. Cir. 1987). The D.C. Circuit Court of Appeals held that, while the decision whether to permit amendments ordinarily "is left to the discretion of the district court," ***Gaubert v. Federal Home Loan Bank Bd.***, 863 F.2d 59, 69 (D.C. Cir. 1988), the district court here erred because Hurson was entitled to amend its complaint as a matter of right.

The Federal Rules of Civil Procedure guarantee a plaintiff an absolute right to amend its complaint once at any time before the defendant has filed a responsive pleading. See Fed. R. Civ. P. 15(a) which states that "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served...." . In the ***Hurson*** case, the defendant filed no answer, but only a motion to dismiss. The appellate court stated in Hurson that, "We have repeatedly clarified that a motion to dismiss is not a responsive pleading for the purposes of Rule 15." That court cited its case of ***Confederate Memorial Ass'n v. Hines***, 995 F.2d 295, 299 (D.C. Cir. 1993) which stated that "As a motion to dismiss is not ordinarily considered a 'responsive pleading' ... under Rule 15(a), appellants could have amended their complaint as of right prior to the court's decision on the motions." The court also cited its supporting case of ***Bowden v. United States***, 176 F.3d 552, 555 (D.C. Cir. 1999), where it stated that "At the time Bowden sought to amend, the government had filed only a motion to dismiss or in the alternative for summary judgment, which is not considered a responsive pleading." The D.C. Circuit Court of Appeals held that because Hurson was entitled as a matter of right to amend its complaint, it was error for the district court to refuse to consider its added claims

In ***Gardner Bradley v. Steven A. Smith***, D.C. District of Columbia, case no. 05-1304 (ESH) the court cited ***Hurson v. Glickman***, supra, and permitted an amendment as of right prior to the

filing of a responsive pleading.

Rule 15(a) allows a plaintiff to amend the complaint without filing a motion once as a matter of right before the defendant files a responsive pleading. Because a motion to dismiss is not a responsive pleading, filing one does not terminate the right to amend without leave of court. Once the defendant answers the complaint, leave of court or written consent of the adverse party is necessary. Leave to amend should be freely given; outright refusal to grant leave to amend without justification is an abuse of discretion. See ***Franks v. Ross***, 313 F.3d 184 (4th Cir. 2002); ***YWCA v. Allstate Ins. Co.***, 214 F.R.D. 1 (D.D.C. 2003).

On May 21, 2007, the Supreme Court issued the decision in the case of ***Bell Atlantic Corp. v. Twombly***, . ___U.S. ___ ( May 21, 2007). In that case, plaintiffs were a class of subscribers of local telephone and/or high speed internet services, suing petitioner for claimed violations of §1 of the Sherman Act. The district court dismissed the complaint, concluding that plaintiffs must allege additional facts. Reversing, the Second Circuit held that plaintiffs' allegations were sufficient to withstand a motion to dismiss. The Supreme Court reversed, and held that stating a §1 Sherman Act claim requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made to violate the Sherman Act. The allegations contained in the complaint would not suffice. The Court determined that the Bell Atlantic case presented the antecedent question of what a plaintiff must plead in order to state a Sherman Act §1 claim. Similarly, the Court's reasoning is instructive in the case at bar. For that reason, Plaintiff requests that this Honorable Court grant leave to amend the complaint to provide the alleged deficiencies.

The Court found that Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the

defendant fair notice of what the ... claim is and the grounds upon which it rests," *Conley v. Gibson*, 355 U. S. 41, 47. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ibid., a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.

Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true. Applying these general standards ... stating a claim requires a complaint with enough factual matter to suggest an agreement to violate the Act. Asking for plausible grounds ... simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of an illegal agreement. The need at the pleading stage for allegations plausibly suggesting (not merely consistent with) the violating agreement reflects Rule 8(a)(2)'s threshold requirement that the "plain statement" possess enough heft to "sho[w] that the pleader is entitled to relief."

The *Bell Atlantic* Court stated that Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," *Conley v. Gibson*, 355 U. S. 41, 47 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ibid.; *Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F. 3d 247, 251 (CA7 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see *Papasan v. Allain*, 478 U. S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal

conclusion couched as a factual allegation").

Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235-236 (3d ed. 2004) (hereinafter Wright & Miller) ("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"),3 on the assumption that all the allegations in the complaint are true (even if doubtful in fact), see, e.g., **Swierkiewicz v. Sorema N. A**., 534 U. S. 506, 508, n. 1 (2002); **Neitzke v. Williams**, 490 U. S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); **Scheuer v. Rhodes**, 416 U. S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

It simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement. And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that a recovery is very remote and unlikely." Ibid.

The need at the pleading stage for allegations plausibly suggesting (not merely consistent with) agreement reflects the threshold requirement of Rule 8(a)(2) that the "plain statement" possess enough heft to "sho[w] that the pleader is entitled to relief." A statement of parallel conduct, even conduct consciously undertaken, needs some setting suggesting the agreement necessary to make out a §1 claim; without that further circumstance pointing toward a meeting of the minds, an account of a defendant's commercial efforts stays in neutral territory. An allegation of parallel conduct is thus much like a naked assertion of conspiracy in a §1 complaint: it gets the complaint close to stating a claim, but without some further factual enhancement it stops short of

the line between possibility and plausibility of "entitle[ment] to relief." Cf. ***DM Research, Inc. v. College of Am. Pathologists***, 170 F. 3d 53, 56 (CA1 1999)  ("[T]erms like 'conspiracy,' or even 'agreement,' are border-line: they might well be sufficient in conjunction with a more specific allegation--for example, identifying a written agreement or even a basis for inferring a tacit agreement, ... but a court is not required to accept such terms as a sufficient basis for a complaint").

### III. CONCLUSION

Under the facts pleaded in Plaintiffs' complaint giving rise to this case, which will be supported at trial by competent evidence, Plaintiff can provide the moving defendant with specific allegations containing facts, and a copy of the acknowledged right to sue letter issued by the EEOC, and an amended prayer for relief.   Based on these facts, a trier of fact could clearly conclude that the Defendants has acted to deprive these Plaintiffs of  his rights pursuant to the Civil Rights Act of 1964, and that these defendants have acted unlawfully.

Based upon the authorities cited, and for the reasons fully stated above, Plaintiff can file an amended complaint upon which relief can be granted.  Plaintiff  has clearly stated a claim for violation of his rights.  Accordingly, Plaintiff's Motion to Amend should be granted, and Defendant's Motion To Dismiss should be denied.

Dated: August 29, 2008

Respectfully submitted,

/s/ James Q. Butler
James Q. Butler  (Bar no. 490014)
Attorney for Plaintiff
818 18th Street - Suite 1010
Washington, D.C.  20006
Ph. 202-223-6767