# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LAWRENCE R. HUDSON, JR.** | CASE NO: 1:08 CV 00876 (RMU) |
| Plaintiff | |
| v. | |
| **CHILDREN'S NAT'L MED. CENTER** | **NOTICE OF FILING** |
| Defendant | |

Plaintiff hereby gives Notice that Plaintiff has filed a Motion To Amend The Complaint,

and an Amended Complaint as two separate documents.  Plaintiff should have filed the Motion

To Amend and attached the Amended Complaint as Exhibit 1.

Respectfully submitted,

/s/ James Q. Butler
James Q. Butler (Bar no. 490014)
Attorney for Plaintiff
818 18th Street, N.W. - 10th Floor
Washington, D.C.  20006
Ph. 202-223-6767

## CERTIFICATE OF SERVICE

Plaintiff hereby certifies that the Defendant is hereby served with the foregoing Motion To
Amend through this Court's electronic service.

/s/ James Q. Butler
James Q. Butler

# UNITED STATES DISTRICT COURT

# DISTRICT OF COLUMBIA

| | |
|---|---|
| **LAWRENCE R. HUDSON, JR.** | CASE NO: 1:08 CV 00876 (RMU) |
| Plaintiff<br>v. | |
| CHILDREN'S NATIONAL MEDICAL CENTER | **AMENDED COMPLAINT**<br><br>(Jury demand endorsed hereon) |
| Defendant | |

For his cause of action against this Defendant, Plaintiff Larry Hudson states:

## I. INTRODUCTION

1. Plaintiff alleges below, and will prove at trial, that Defendant employed the Plaintiff, an African-American male, and that Plaintiff was an excellent employee. When Plaintiff suffered an employment related injury on April 6, 2006, and required additional medically authorized recovery time, the Defendant employer terminated Plaintiff's employment. The Defendant discriminated against Plaintiff in this employment decision based upon Plaintiff's race.

## II. THE PARTIES

2. Plaintiff Larry R. Hudson, Jr., is at all times material hereto a 48 year old male citizen of the State of Maryland, and a resident of Prince George's County and the City of Laurel. Plaintiff had been employed by from 2004, through his resignation on August 14, 2006, in the

position of Senior Human Resources Consultant.   Plaintiff is a retired, decorated Air Force

Veteran of the Gulf War, Desert Shield/Desert Storm operations.

     3.   Children's National Medical Center  is the only exclusive provider of pediatric care in

the metropolitan Washington area and is the only freestanding children's hospital between

Philadelphia, Pittsburgh, Norfolk, and Atlanta. Children's National Medical Center has served

the nation's children for more than 130 years.  Children's is the largest non-governmental

provider of pediatric care in the District of Columbia, providing more than $50 million in

uncompensated care.  .

### III.  JURISDICTION and VENUE

     4.   This Court has subject matter jurisdiction over this action pursuant to  42 U.S.C. §

2000e-5(f)(3), 28 USC  § 1331.   Venue is proper in  this Court pursuant to the provisions of 28

U.S.C. § 1391(a)(2) because Defendant maintains its headquarters in this District.

### IV.  CAUSE OF ACTION

     5.   This action is brought by Plaintiff to enforce the provisions of Title VII of the Civil

Rights Act of 1964, as amended, 42 U.S.C. §  2000e, et seq.;  VII   sec. 703(a)

     6.   Defendant Children's National Medical Center is a person within the meaning of 42

U.S.C. § 2000e(a) and an employer within the meaning of 42 U.S.C. § 2000e(b).

     7.    Defendant has discriminated against Plaintiff Larry R. Hudson, Jr. on the basis of his

race.

     8.   In January, 2006, Defendant began to search for a person to fill the position of

Director of Training and Organizational Development at Defendant's hospital.  Plaintiff was

interested in obtaining that position and applied for the position in February, 2006.  Plaintiff had

assumed the responsibilities of that position since January 20, 2006, when Deirdre Robinson, the

Director, had resigned.

9.  Plaintiff's training, background, education, and experience qualified him for that

position. Plaintiff had discussed this position with Christine Porto, Vice President of Human

Resources,  who was the person responsible for selecting the candidate to fill this position.   Ms.

Porto advised Plaintiff that Plaintiff should schedule a formal interview with Ms. Porto.   Before

actually conducting an interview with Plaintiff, Ms. Porto hired Marc Goldman, a white male.

10.  On August 14, 2006, Defendant terminated Plaintiff's employment by making the

conditions of his employment intolerable and unbearable to a reasonable person, causing

Plaintiff to resign.  This resignation was based upon Plaintiff's constructive discharge, as

Defendant made Plaintiff's working conditions to be intolerable. These intolerable conditions

were directly attributable Defendant's racially motivated treatment of Plaintiff.  Defendant

either created the intolerable conditions intentionally or allowed them to exist.  Defendant's

conduct effectively forced Plaintiff to resign.  A continuous pattern of Defendant's misconduct

existed.  Conditions were so egregious and intolerable that any reasonable person in Plaintiff's

situation and like circumstances would have resigned. .

11.  As a direct and proximate result of Plaintiff's race, as a black man, Plaintiff was

treated differently from his white co-workers. This termination of  Plaintiff on June 15, 2006,

was in violation of § 703(a) of  Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.

§ 2000e-2(a)(1).

12.  Plaintiff Larry R. Hudson, Jr. was the victim of racially disparate treatment during

his  employment at the Defendant's hospital, which adversely affected the terms, conditions and

privileges of his employment; and which failed or refused to take appropriate action to remedy

the effects of the discriminatory treatment of Plaintiff during his employment.  When Plaintiff

could no longer bear the indignation of the racially discriminatory treatment of Ms. Porto,

Plaintiff involuntarily left his position at the Defendant's hospital.

13.  Ms. Porto, acting on behalf of the Defendant, subjected several people to her pattern

and practice of racial discrimination.  As a result, Eddie Davis, Director of Labor/Employee

Relations and Compliance at Children's National Medical Center, ended his employment. On

Friday, July 13, 2007, Ms. Porto's employment with the Defendant was terminated.

14.  After approximately 18 months in that position, on or about October 23, 2007, Marc

Goldman resigned.  This conduct was the product of intentional discrimination by Defendant.

Defendant selected Marc Goldman to fill the position of Director of Training and Organizational

Development, based upon his race as a white male and not upon his qualifications.  After

Goldman served a period of time in that position, Defendant recognized that Marc Goldman was

not qualified to carry out the responsibilities of that position, and Goldman was forced to resign.

This was the result of Defendant's selection of a person to fill the position sought by Defendant,

based upon race, and not upon qualifications.  Defendant  made the decisions which adversely

affected the Plaintiff's employment as the result of malice or reckless indifference to the

federally protected rights of Plaintiff.

15.  Conditions precedent to the filing of this suit have been performed or  have occurred.

Based upon these violations of statute, Plaintiff Larry R. Hudson timely filed a charge of

discrimination with the District of Columbia's Office of Human Rights; and, EEOC charge  no.
10C-2006-02942,  in which Plaintiff alleged that he had been subjected to racial discrimination

during his employment with the Defendant.  That right to sue letter was issued on July 28, 2008, pursuant to that Charge of discrimination.

WHEREFORE, Plaintiff demands judgment against the Defendant and prays that the Court grant the following relief:

(a) Enjoin the Defendant from failing or refusing to:

(i) provide sufficient remedial relief to make whole Plaintiff for the loss he has suffered as a result of the discrimination against him as alleged in this complaint; and

(ii) take other appropriate nondiscriminatory measures to overcome the effects of the discrimination.

(b) Award compensatory and punitive damages in the maximum amount permitted by law to fully compensate Plaintiff for injuries caused by the Defendant's discriminatory conduct;

(c) Award such additional relief as justice may require, together with Plaintiff's costs and Attorney fees, and other such relief which this Court deems just and proper.

Respectfully submitted,

/s/ James Q. Butler
James Q. Butler
Attorney for Plaintiff
818 18th Street - 6th Floor
Washington, D.C.  20006
Ph: 202-223-6767/fax: 202-223-3039

**JURY DEMAND**
Plaintiff hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

/s/ James Q. Butler
James Q. Butler