UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LAWRENCE R. HUDSON, JR. | : | |
| | : | |
| Plaintiff, | : | Civil Action No.:   08-0876 (RMU) |
| | : | |
| v. | : | Re Document No.:   9 |
| | : | |
| CHILDREN'S NATIONAL MEDICAL CENTER, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

GRANTING THE DEFENDANT'S MOTION FOR PARTIAL DISMISSAL
OF THE PLAINTIFF'S AMENDED COMPLAINT

**I. INTRODUCTION**

This matter is before the court on the defendant's motion to dismiss certain claims of discrimination raised in the plaintiff's Amended Complaint. The plaintiff, an African-American male formerly employed by the defendant, alleges that the defendant unlawfully discriminated against him on the basis of his race by not selecting him for a position that ultimately went to a white male, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. The plaintiff further alleges that the defendant discriminated against him by making the conditions of his employment so intolerable and unbearable that he was effectively forced to resign.[1] The defendant now moves pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) to dismiss all of the plaintiff's claims except those based on his non-selection, arguing that the plaintiff failed to exhaust his administrative remedies with respect to any of his other claims.

---

[1] The plaintiff fails to specify whether he is asserting a claim for hostile work environment in addition to his constructive discharge claim. *See generally* Am. Compl. For the present purposes, the court will presume that the plaintiff intended to assert both claims in his Amended Complaint.

The court concludes that the plaintiff's Amended Complaint, like his initial Complaint, is devoid of any indication that he properly exhausted his administrative remedies with respect to any claims not premised on his non-selection. Accordingly, the court grants the defendant's motion to partially dismiss the plaintiff's Amended Complaint.

## II. FACTUAL & PROCEDURAL BACKGROUND

In 2004, the plaintiff began working as a Senior Human Resources Consultant with the defendant, a pediatric medical center located in Washington D.C. Am. Compl. ¶¶ 2-3. The plaintiff alleges that in January 2006, the defendant began searching for an individual to fill the position of Director of Training and Organizational Development ("the Position"). *Id.* ¶ 8. The plaintiff applied for the Position in February 2006. *Id.* The plaintiff alleges that he was highly qualified for the Position based on his training, background, education and experience. *Id.* The plaintiff further alleges that the selecting official, Christine Porto, advised the plaintiff to schedule a formal interview with her. *Id.* ¶ 9. Yet before interviewing the plaintiff, Porto hired Marc Goldman, a white male, to fill the Position. *Id.* ¶¶ 9, 14.

The plaintiff also contends that the defendant made the conditions of his employment so intolerable and unbearable that he was forced to resign in August 2006.[2] *Id.* ¶ 10. Although the plaintiff fails to describe, even in broad terms, the conditions that he found intolerable and unbearable, *see generally* Am. Compl., he alleges that "[a] continuous pattern of Defendant's misconduct existed" and that the "[c]onditions were so egregious and intolerable that any reasonable person in Plaintiff's situation and like circumstances would have resigned." *Id.* ¶ 10. The plaintiff asserts that this treatment was "directly attributable" to racial animus. *See id.*

---

[2] Elsewhere in the Amended Complaint, the plaintiff alleges that he was constructively discharged on June 15, 2006. Am. Compl. ¶ 11.

2

The plaintiff maintains that he timely filed a charge of discrimination with the District of Columbia's Office of Human Rights ("the EEO Complaint") and was issued a right to sue letter based on that complaint on July 28, 2008. *Id*. ¶ 15. No other EEO activity is mentioned in the plaintiff's pleadings. *See generally id*.; Compl.

On May 23, 2008, the plaintiff commenced this action by filing a Complaint in the district court. *See generally* Compl. On August 18, 2008, the defendant moved to dismiss the Complaint, based on, *inter alia*, the plaintiff's failure to exhaust his administrative remedies. *See* Def.'s First Mot. to Dismiss at 4-7. Rather than respond to the defendant's motion, the plaintiff sought leave to amend his Complaint. *See generally* Pl.'s Mot. for Leave to Amend. On September 29, 2008, the court granted the plaintiff's motion for leave to amend and denied the defendant's first motion to dismiss. *See* Minute Order (Sept. 29, 2008).

On October 17, 2008, the defendant filed the instant motion to dismiss, seeking the dismissal of all claims in the plaintiff's Amended Complaint except those premised on his non-selection for the Position. *See generally* Def.'s Second Mot. to Dismiss ("Def.'s Mot."). The plaintiff submitted his opposition to the motion on November 25, 2008.[3]  *See generally* Pl.'s Opp'n.

### III.  ANALYSIS

#### A.  Legal Standard for Exhaustion of Administrative Remedies

In actions brought under Title VII, a court has authority over only those claims that are (1) contained in the plaintiff's administrative complaint or claims "like or reasonably related to"

---

[3]   The plaintiff's opposition was due at the latest on October 31, 2008. *See* LCvR 7(b); FED. R. CIV. P. 6(d). Thus, the plaintiff's opposition, filed more than three weeks after the due date, was untimely and the court is permitted to treat the defendant's motion as conceded. *See* LCvR 7(b). Nonetheless, the court declines *on this occasion* to exercise its authority to grant the defendant's motion as conceded.

3

those claims in the administrative complaint and (2) for which the plaintiff exhausted administrative remedies.[4]  *Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995); *Bailey v. Verizon Commc'ns, Inc.*, 544 F. Supp. 2d 33, 37-38 (D.D.C. 2008) (noting that "[i]f a plaintiff's EEOC charge makes a class of allegation altogether different from that which she later alleges when seeking relief in federal district court, she will have failed to exhaust administrative remedies").  The claims asserted in a complaint filed in federal court "must arise from 'the administrative investigation that can reasonably be expected to follow the charge of discrimination.'"  *Id.* (quoting *Chisholm v. U.S. Postal Serv.*, 665 F.2d 482, 491 (4th Cir. 1981)).  This exhaustion requirement "serves the important purpose of giving the charged party notice of the claim and 'narrow[ing] the issues for prompt adjudication and decision.'"  *Id.* (quoting *Laffey v. Nw. Airlines, Inc.*, 567 F.2d 429, 472 n.325 (D.C. Cir. 1976)).  "A court cannot allow liberal interpretation of an administrative charge to permit a litigant to bypass the Title VII administrative process."  *Id.* (citing *Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 398 (3d Cir. 1976)).

It is the defendant's burden to prove by a preponderance of the evidence that the plaintiff failed to exhaust his administrative remedies.  *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997) (stating that "[b]ecause untimely exhaustion of administrative remedies is an

---

[4]  Some courts in this district have held that the "like or reasonably related to" standard articulated in *Park* was abrogated by the Supreme Court's decision in *Nat'l Railroad. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002), in which the Court held that discrete adverse employment actions individually trigger Title VII's procedural requirements.  *See Coleman-Adebayo v. Leavitt*, 326 F. Supp. 2d 132, 137 (D.D.C. 2004) (stating that "*Park* no longer reflects the state of the law" in light of the Supreme Court's decision in *Morgan*); *Romero-Ostalaza v. Ridge*, 370 F. Supp. 2d 139, 148-50 (D.D.C. 2005) (stating that "*Morgan* rejected the so-called continuing violation doctrines that allowed plaintiffs to recover for discrete acts of discrimination or retaliation that had not been separately exhausted but were 'sufficiently related' to a properly exhausted claim").  Because this Circuit has yet to address the precise reach of *Morgan*, and because, as discussed below, the plaintiff's allegations fail to satisfy even the more liberal standard announced in *Park*, the court declines to pass on this issue.

affirmative defense, the defendant bears the burden of pleading and proving it"); *Rattigan v. Gonzales*, 503 F. Supp. 2d 56, 68 (D.D.C. 2007). Meager, conclusory allegations that the plaintiff failed to exhaust his administrative remedies will not satisfy the defendant's burden. *Brown v. Marsh*, 777 F.2d 8, 12 (D.C. Cir. 1985) (noting that a mere assertion of failure to exhaust administrative remedies without more is "clearly inadequate under prevailing regulations to establish a failure to exhaust administrative remedies").

Dismissal results when a plaintiff fails to exhaust administrative remedies with respect to a particular claim. *See Lane v. Hilbert*, 2004 WL 1071330, at *1 (D.C. Cir. May 12, 2004) (affirming the dismissal of the plaintiff's gender-based discrimination claims because her administrative complaint alleged only racial discrimination); *Park*, 71 F.3d at 907-08 (dismissing a claim for failure to exhaust administrative remedies because the plaintiff's EEO complaint alleged only disparate treatment based on sex and national origin but did not allege the existence of a hostile work environment); *Miller v. Rosenker*, 578 F. Supp. 2d 107, 112 (D.D.C. 2008) (dismissing the plaintiff's age and gender discrimination claims because these claims were not raised during the administrative proceedings); *Nyunt v. Tomlinson*, 543 F. Supp. 2d 25, 35 (D.D.C. 2008) (dismissing the plaintiff's claim of racial discrimination because the plaintiff's EEO complaint only alleged discrimination based on national origin).

### B. The Court Partially Dismisses the Amended Complaint Because the Plaintiff Failed to Exhaust His Administrative Remedies

The defendant asserts that the court should dismiss all of the plaintiff's allegations except those premised on his non-selection for the Position. Def.'s Mot. at 5-8; Def.'s Reply at 3-6. The defendant contends that although the plaintiff did file a complaint alleging discrimination with the D.C. Human Rights Office and the EEOC, *see* Am. Compl. ¶15, the EEO Complaint addressed only allegations regarding his non-selection and made no reference to the intolerable

and unbearable conditions that led to his constructive discharge, *see* Def.'s Mot. at 5-6 & Ex. E ("EEO Compl.") at 1-2.  The defendant points out that in the EEO Complaint, the plaintiff alleged that the discrimination complained of occurred between February 2 and February 28, 2006 – dates that allegedly coincided with the plaintiff's application and ultimate non-selection for the Position.  *Id*. at 7; EEO Compl. at 1.

The plaintiff devotes the bulk of his opposition to defending the sufficiency of his allegations regarding his non-selection, *see generally* Pl.'s Opp'n, a matter not presently in dispute, *see generally* Def.'s Mot.; Def.'s Reply.  Nowhere in his opposition does the plaintiff address the defendant's argument that he failed to exhaust his administrative remedies with respect to his constructive discharge and hostile work environment claims.  *See generally* Pl.'s Opp'n.

In the EEO Complaint,[5] the plaintiff made the following allegations:

I believe that I have been discriminated against on the basis of my race (Black) in the terms, conditions and privileges of my employment because:

On February 2, 2006, I submitted an on-line application for the [Position], which had become vacant.  Prior to that, when the incumbent had resigned, I volunteered to take [the] lead for the New Hire Orientation Program, which was one of he primary responsibilities of the [Position].  On February 2, 2006, I also informed [Porto] that I was interested in and had applied for the position.  I later learned

---

[5] As previously discussed, the Amended Complaint makes specific reference to the EEO Complaint.  *See* Am. Compl. ¶ 15 (alleging that the plaintiff satisfied the procedural prerequisites to bringing suit by timely filing the EEO Complaint with the District of Columbia's Office of Human Rights).  Accordingly, the court may consider the EEO Complaint without converting the defendant's motion to dismiss into a motion for summary judgment.  *See Felder v. Johanns*, 595 F. Supp. 2d 46, 60-61 (D.D.C. 2009) (noting that "[i]n addressing a motion to dismiss [for failure to exhaust administrative remedies] pursuant to Federal Rule of Civil Procedure 12(b)(6), a court is limited to considering facts alleged in the complaint, any documents attached to or incorporated by reference in the complaint, matters of which the court may take judicial notice, and matters of public record") (citing *EEOC v. St. Francis Xavier Parochial Sch*., 117 F.3d 621, 624 (D.C. Cir. 1997)); *Marcelus v. Corr. Corp. of Am./Corr. Treatment Facility*, 540 F. Supp. 2d 231, 235 n.5 (D.D.C. 2008) (noting that the court could consider the plaintiff's administrative complaint in addressing the defendant's motion to dismiss for failure to exhaust administrative remedies, without converting the motion to one for summary judgment, because "although plaintiff did not attach his EEOC Charge to his complaint, he referenced it in paragraph 7 of the complaint").

>from a co-worker that my promotion package was on the desk of [Porto]. At no time during the promotion process did [the defendant] contact me regarding the position for which I had applied, and I was never even afforded an interview.
>
>I learned through the recruiter that the successful candidate for the [Position] (White) had been selected on February 28, 2006 – even though he did not officially apply for the position until March 7, 2006. Upon information and belief, the successful candidate was less qualified for the position than I was. I have two Master[s] degrees . . . . I have been an adjunct professor at Park University since 2001 . . . . I was qualified for the position, but was denied an equal opportunity to be fully considered. Furthermore, I believe that the denial was based on my race because this was not the only time that [the defendant] has used discriminatory [procedures] to promote its picks. Its current Manager, Compensation and Benefits (White) has been promoted on two separate occasions when, although [the defendant] had properly announced the promotion, the position was actually reserved for him – no other candidates were considered. Therefore, I charge [the defendant] with an unlawful discriminatory act on the basis of my race . . . . I have not commenced any action, civil, criminal or administrative, based on the above allegations, other than . . . cross fil[ing] [the instant complaint] with the EEOC.

EEO Compl. at 1-2.

The EEO Complaint is thus devoted entirely to the plaintiff's allegations regarding his non-selection for the Position. *Id*. It makes no mention of any allegations regarding events occurring before or after the non-selection. *See id*. To the contrary, the EEO Complaint expressly states that the discriminatory acts addressed therein occurred between February 2, 2006 – the date the plaintiff applied for the Position – and February 28, 2006 – the date that the defendant selected Goldman for the Position. *Id*. at 1. By contrast, the plaintiff alleges that he was constructively discharged in June or August 2006, months after his non-selection. Am. Compl. ¶ 10.

The plaintiff has identified no separate administrative proceeding in which he raised allegations regarding his treatment before or after the non-selection. *See generally* Pl.'s Opp'n. Nor has the plaintiff articulated any equitable grounds for avoiding the exhaustion requirement. *See generally id*. Moreover, although the plaintiff has offered practically no detail regarding the

7

egregious conduct resulting in his constructive discharge, *see* Am. Compl. ¶ 10, nothing in those allegations suggests that they are "like or reasonably related to" the allegations raised in the EEO Complaint, *see Park*, 71 F.3d at 907. Rather, the two sets of allegations are temporally distinct,[6] involve unique incidents[7] and assert entirely different causes of action. *See Park*, 71 F.3d at 907-08 (dismissing a claim for failure to exhaust administrative remedies because the plaintiff's EEO complaint alleged only disparate treatment based on sex and national origin but did not allege the existence of a hostile work environment); *Pearsall v. Holder*, 610 F. Supp. 2d 87, 98 (D.D.C. 2009) (dismissing the plaintiff's hostile work environment claim because no such claim was ever submitted or accepted for review at the administrative level); *Robinson-Reeder v. Am. Council on Educ.*, 532 F. Supp. 2d 6, 13 (D.D.C. 2008) (dismissing discrimination claims based on the employer's failure to provide the plaintiff with technical assistance for new software because "[t]he EEOC Charge is altogether silent regarding plaintiff's allegation of disparate treatment regarding her requests for help with the installation of the computer software"); *Rattigan v. Gonzales*, 503 F. Supp. 2d 56, 69 (D.D.C. 2007) (holding that the plaintiff failed to exhaust his administrative remedies with respect to two allegedly discriminatory acts because "[n]either of these acts was mentioned in any of plaintiff's EEO administrative complaints or amendments, and neither was reasonably related to any of the allegations in the complaints such that they are within the scope of 'the administrative investigation that can reasonably be expected to follow' plaintiff's EEO complaints").

---

[6] The constructive discharge culminated in June or August 2006, *see* Am. Compl. ¶¶ 9-11, whereas the discriminatory acts alleged in the EEO Complaint occurred between February 2 and February 28, 2008, *see* EEO Compl. at 1.

[7] Whereas the constructive discharge claim refers to a "continuous pattern of Defendant's misconduct," Am. Compl. ¶ 10, the plaintiff's non-selection claim refers to a discrete adverse employment action that occurred in February 2006, *see* EEO Compl. at 1-2.

Thus, the only allegations in the Amended Complaint that the plaintiff raised in prior administrative proceedings are those regarding his non-selection for the Position.  *See* EEO Compl. at 1-2; Am. Compl. ¶ 15.  Because the plaintiff failed to exhaust his administrative remedies with respect to his claims for constructive discharge and hostile work environment, the court grants the defendant's motion to dismiss those claims.

## IV.  CONCLUSION

For the foregoing reasons, the court grants the defendant's motion for partial dismissal of the Amended Complaint.  An Order consistent with this Memorandum Opinion is issued this 21st day of August, 2009.

                                                                            RICARDO M. URBINA
                                                                            United States District Judge